2015 UT App 271

## THE UTAH COURT OF APPEALS

DEAN EDDIE WILLIAMS,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Memorandum Decision
No. 20140135-CA
Filed November 12, 2015

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 120908139

B. Kent Morgan and Jonathan T. Nish, Attorneys
for Appellant

Sean D. Reyes and Erin Riley, Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

TOOMEY, Judge:

¶1     In this appeal we decide whether the district court
correctly granted the State's motion to dismiss Dean Eddie
Williams's petition for post-conviction relief. "We review an
appeal from an order dismissing or denying a petition for post-
conviction relief for correctness without deference to the lower
court's conclusions of law." *Winward v. State*, 2012 UT 85, ¶ 6,
293 P.3d 259 (citation and internal quotation marks omitted).

¶2     The Post-Conviction Remedies Act (PCRA) establishes a
one-year statute of limitations to file a petition for post-
conviction relief. Utah Code Ann. § 78B-9-107(1) (LexisNexis
2012). In 2000, Williams was convicted of five first-degree felony
charges. On direct appeal, this court affirmed his convictions
and sentences. *State v. Williams*, 2001 UT App 255U, para. 8.

Thus, the one-year statute of limitations began to run on January 9, 2002, when the Utah Supreme Court denied Williams's petition for a writ of certiorari. *See State v. Williams*, 40 P.3d 1135 (Utah 2002); *see also* Utah Code Ann. § 78B-9-107(2)(d) (providing that the limitations period begins to run on the latest of a series of dates, including, the denial of writ of certiorari). Williams did not file a petition for post-conviction relief within one year of that denial. Rather, he filed a petition for post-conviction relief nearly eleven years later, arguing his trial counsel and appellate counsel were constitutionally ineffective.

¶3      The district court determined that under the PCRA Williams's claims "expired on January 10, 2003," and were therefore "barred for untimeliness." The court further explained that Williams's argument "that ineffective assistance of counsel should have tolled the statute of limitations is unpersuasive because 'the mere allegation that counsel was ineffective is not a reasonable justification for missing the PCRA's time limitations.'" (Quoting *Winward*, 2012 UT 85, ¶ 21.)

¶4      On appeal, Williams now argues his claims of ineffective assistance of counsel were an exception to the timebar. He also argues that the court should have first addressed the merits of the claim to determine whether it met the requirements for an exception to the procedural timebar before dismissing the petition as untimely. We are not persuaded.

¶5      Williams's appellate argument consists primarily of a page-long quote from *Winward v. State*, which clearly sets out the threshold requirements he must meet before the court will "even consider the existence of an exception" to the PCRA's procedural timebar. 2012 UT 85, ¶ 18, 293 P.3d 259. And as Williams correctly points out, the court will not consider whether an exception to the PCRA exists unless he can first demonstrate that he "has a reasonable justification for missing the deadline combined with a meritorious defense." *Id.*

¶6      Here, although Williams made an argument to explain why his trial counsel and appellate counsel were ineffective, the

petition does not suggest he had a reasonable justification for not filing a timely PCRA petition. Indeed, he presents no justification for raising his claims more than ten years after the statute of limitations expired and offers no reason why he could not have filed his claims sooner. Moreover, Williams's five-sentence argument on appeal falls short of meeting his burden of persuasion. *See State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998) (explaining that the Utah Rules of Appellate Procedure implicitly require "not just bald citation to authority but development of that authority and reasoned analysis based on that authority"); *see also* Utah R. App. P. 24(a)(9). He has offered no references to the record and, although he quotes *Winward*, he offers no analysis of that case and no reasoned application of that case to the facts of this case.

¶7      We therefore affirm the district court's decision to dismiss Williams's post-conviction-relief petition.

————